IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-mj-91 |
| CARLOS ALEXIS CHAVEZ-PAZ,<br>    a/k/a Carlos Chavez,<br>    a/k/a Carlos A Paz,<br>    a/k/a Carlos Manuel Chavez,<br>    a/k/a Jose Manuel Herrera,<br>    a/k/a Jose M. Herrera,<br>    a/k/a Jose Herrera,<br>    a/k/a Jose Manual Herrera,<br>    a/k/a Jose Herrera | |
| Defendant. | |

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jason Fulton, being duly sworn, depose and state:

1. I am a Special Agent with Homeland Security Investigations ("HSI") within United States Immigration and Customs Enforcement ("ICE"), Department of Homeland Security ("DHS"), assigned to the Special Agent in Charge, District of Columbia Office in Reston, Virginia. I have been a Special Agent for ICE/HSI and its predecessor, the United States Customs Service, since October 2001. My duties include investigating violations of Immigration and Customs laws.

2. I have received training in general law enforcement, including training in Title 8 of the United States Code. Among other training programs, I have successfully completed (1) the Criminal Investigator Training Program, (2) Customs Basic Enforcement School, (3) the Identity and Benefit Fraud Training Program Agent Training Program, and (4) the Worksite Enforcement Program, all at the Federal Law Enforcement Training Center in Glynn County, Georgia. I have

also successfully completed the ICE Forensic Laboratory, Document Instructor Training Course in McLean, Virginia.

3.      This affidavit is submitted in support of a criminal complaint and arrest warrant for CARLOS ALEXIS CHAVEZ-PAZ, an alien who was found in the United States after being denied admission, excluded, deported, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, in violation of Title 8, United States Code, Section 1326(a). Furthermore, the criminal complaint charges that CHAVEZ-PAZ engaged in Aggravated Identity Theft in violation of Title 18, United States Code, § 1028A.

4.      The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents involved in this investigation. This affidavit contains information necessary to support probable cause but is not intended to include every fact and matter observed by me or known to the United States.

<u>SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE</u>

*Aggravated Identity Theft*

5.      On or about January 15, 2025, Special Agent (SA) Hayden Dufont of the Virginia Department of Motor Vehicles ("DMV") Law Enforcement Division contacted ICE and requested assistance in a case in which a person, on January 10, 2025, had presented fraudulent documents at a DMV customer service center in an attempt to obtain a Virginia driver's license. This service center is located in Stafford County, Virginia, within the Eastern District of Virginia.

6.      DMV reported that this individual presented three identification documents: (1) an authentic Kentucky driver's license bearing a picture that appeared to be him, with the name of

VICTIM 1 ("V-1");[1] (2) a fraudulent Puerto Rican birth certificate in V-1's name, and (3) a fraudulent Social Security card in V-1's name.[2]  In addition, this individual provided a Bank of America statement and account summary, and an envelope from PayPal (all in V-1's name) as proof that he purportedly lived at a residence in Woodbridge, Virginia.  SA Dufont interviewed the DMV Customer Service Center (CSC) Teller who received these documents to process the DMV driver's license application.  The CSC Teller provided a signed written statement which states, "the individual pictured with this KY DRL was the individual at my window attempting to obtain a VA DRL."  The statement is next to a copy of the Kentucky Driver's License which bears the name of V-1.

7. I obtained a photograph of the Kentucky license presented by this individual on January 10, 2025 and confirmed that the image (right) on the license matches pictures of CHAVEZ-PAZ taken during his contact with immigration authorities in 2012 (left).

 

---

[1] A database search of the address listed on the Kentucky driver's license produced several names associated with the address, including CHAVEZ-PAZ. For example, CHAVEZ-PAZ's criminal history reflects that his address as of December 26, 2018 was the address listed on the driver's license.

[2] The birth certificate and Social Security card were provided to HSI's Forensic Laboratory, who determined that they were both counterfeit.

8.      According to a records database search, initially using V-1's name and date of birth taken from the Kentucky license, I determined that V-1 is a real person who likely lives in Puerto Rico and has a phone number with an area code for Puerto Rico. I examined photographs of V-1 contained within the database and confirmed that V-1 is a different individual than CHAVEZ-PAZ and is not the person depicted on the license.

9.      On or about March 19, 2025, I served a subpoena on the Laminate Company Inc. in Haymarket, Virginia for employment records linked to V-1's name. The subpoena returns confirmed that CHAVEZ-PAZ is impersonating V-1. The Laminate Company Inc. provided certified employment records for an individual using V-1's name. I obtained the I-9 form that was filled out for this employment, and the I-9 contained V-1's name and date of birth and was submitted in October of 2024 with the same Woodbridge, Virginia address provided by CHAVEZ-PAZ to the DMV.[3]

10.      I subsequently reviewed additional Laminate Company records and found a beneficiary designation form. It showed that that the employee, pretending to be V-1, designated Carlos Alexis CHAVEZ-PAZ's two minor children as his beneficiaries.  The form listed CHAVEZ-PAZ's children's Social Security Numbers and dates of birth.  I conducted a search of U.S. passport records for CHAVEZ-PAZ's children (the listed beneficiaries).  I obtained passport applications for the children which confirmed CHAVEZ-PAZ is their father.  I also obtained birth certificates for both children, and CHAVEZ-PAZ is listed as their father on those as well.

11.      A Honduran passport in CHAVEZ-PAZ's name accompanied his U.S. passport applications for the two children; both applications were submitted in 2020. The date of birth on

---

[3] The supporting documents appeared to include similar documents as provided to DMV, including a Kentucky driver's license and social security card in V-1's name.

the Honduran passport matches the date of birth in the alien file of CHAVEZ-PAZ described below. I have reviewed a photograph on the Honduran passport, and I believe that this person is CHAVEZ-PAZ based on the match to photographs contained in the alien file of CHAVEZ-PAZ.

*Illegal Re-Entry*

12.　As more thoroughly explained above, on or about January 15, 2025, ICE learned that CHAVEZ-PAZ had re-entered the United States when the Virginia Department of Motor Vehicles ("DMV") Law Enforcement Division contacted ICE. The DMV informed ICE that an individual, later revealed to be CHAVEZ-PAZ, had submitted fraudulent documents to obtain a license.

13.　In my investigation of the fraudulent documents, I confirmed that CHAVEZ-PAZ is a native and citizen of Honduras who has been removed from the United States multiple times. CHAVEZ-PAZ did not have legal authorization to reenter or remain in the United States.

14.　On or about February 21, 2025, I obtained CHAVEZ-PAZ's immigration file, also known as an Alien File from the Bureau of Citizenship and Immigration Service (USCIS).  Records show that CHAVEZ-PAZ was first encountered on September 30, 2005, by a Customs and Border Protection ("CBP") Officer at the Port Huron, Michigan port of entry. CHAVEZ-PAZ was encountered after he was denied entry into Canada. CHAVEZ-PAZ provided a sworn statement that he was illegally in the United States and that he had entered the United States at an unknown location on the Southern border on March 2, 1999, without inspection or admission by an Immigration Officer.

15.　Based on this statement, CHAVEZ-PAZ was issued a Notice to Appear before an immigration judge and placed into removal proceedings. CHAVEZ-PAZ failed to appear and was ordered removed in absentia on August 25, 2009.

16. On or about November 2, 2011, CHAVEZ-PAZ was encountered by a United States Border Patrol (USBP) Agent in or near Wildwood, Florida. The previous order of removal, issued in absentia on August 25, 2009, was executed and CHAVEZ-PAZ was removed from the United States through the Miami, Florida Port of Entry to Honduras on November 14, 2011.

17. On or about February 21, 2012, CHAVEZ-PAZ was encountered by USBP on the Rio Bravo Ranch in Texas. CHAVEZ-PAZ told USBP agents that he was a citizen of Honduras and present in the United States without proper immigration documents to enter or remain in the United States legally.

18. On or about February 27, 2012, in the Western District of Texas, CHAVEZ-PAZ was found guilty of Improper Entry, in violation of Title 8, United States Code, Section 1325. He was sentenced to 90 days of incarceration. On or about May 30, 2012, CHAVEZ-PAZ was removed from the United States from Harlingen, Texas airport via ICE Air Operations (IAO). This removal was documented on a Warrant of Removal/Deportation, Form I-205. The Form I-205 bears the photograph and fingerprint of CHAVEZ-PAZ and the signature of the Immigration Enforcement Agent that witnessed the removal.

19. On or about September 3, 2012, CHAVEZ-PAZ was apprehended by a USBP agent on the Rio Bravo Ranch south of Eagle Pass, Texas. CHAVEZ-PAZ stated that he was a citizen of Honduras and present in the United States without proper immigration documents to enter or remain in the United States legally.

20. On or about September 6, 2012, in the Western District of Texas, CHAVEZ-PAZ was found guilty of Illegal Entry, in violation of Title 8, United States Code, Section 1325. He was sentenced to 180 days of incarceration. On or about April 4, 2013, CHAVEZ-PAZ was removed from the United States. This removal was documented on a Warrant of Removal/Deportation, Form

I-205. The Form I-205 bears the photograph and fingerprint of CHAVEZ-PAZ and the signature of the Immigration Enforcement Agent that witnessed the removal.

21.     I compared CHAVEZ-PAZ's Honduran Passport photo as well as the Kentucky driver's license photographs to CHAVEZ PAZ's photographs on the I-205s and confirmed that CHAVEZ-PAZ is the same individual depicted on the I-205s as shown below.

 

Honduran Passport          Kentucky License

  

2013 Removal          2012 Removal          2011 Removal
(Color Version)        (Color Version)

22.     CHAVEZ-PAZ's known immigration records lack evidence of any immigration benefit, document, or status that would allow him to legally enter, be admitted, pass through, or reside in the United States.   Further, CHAVEZ-PAZ has not obtained permission from the

Attorney General or the Secretary of the Department of Homeland Security to reenter the United

States following his formal removal.

CONCLUSION

23.     Based on the foregoing, I submit there is probable cause to believe that on or about January 15, 2025, in Stafford County, Virginia, within the Eastern District of Virginia, CARLOS ALEXIS CHAVEZ-PAZ, also known as Carlos Chavez, Carlos A Paz, Carlos Manuel Chavez, Jose Manuel Herrera, Jose M. Herrera, Jose Herrera, Jose Manual Herrera, and Jose Herrera, an alien who was removed from the United States, on or about November 14, 2011, May 30, 2012, and April 4, 2013, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, § 1326(a), and furthermore, engaged in Aggravated Identity Theft in violation of Title 18, United States Code, § 1028A.

Respectfully submitted,

_Jason E. Fulton_

Jason E. Fulton
Special Agent
Homeland Security Investigation

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by telephone on April 28, 2025.

_William E. Fitzpatrick_

The Honorable William E. Fitzpatrick
United States Magistrate Judge
Alexandria, Virginia